UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 16-cv-60898-BLOOM/Valle

JAY AND NANCY LIGHTER,

    Plaintiffs,

v.

AIG PROPERTY CASUALTY COMPANY,

    Defendant.

_____/

**ORDER**

**THIS CAUSE** is before the Court upon Defendant AIG Property Casualty Company's ("Defendant" or "Motion") Motion to Strike Paragraphs 10, 11, and 13, ECF No. [16] ("Motion"), of Plaintiff's Amended Complaint, ECF No. [12] ("Amended Complaint"). The Court has reviewed the Motion, all supporting and opposing filings, the record, the applicable law, and is otherwise fully advised. For the reasons set forth below, the Motion is denied.

    **I.**    **Background**

This is an action brought by Jay and Nancy Lighter ("Plaintiffs" or the "Lighters") against their property insurance carrier, AIG, for breach of an insurance contract, to wit, their homeowners policy (hereinafter, the "Policy"). *See* Am. Compl. ¶¶ 4-5; ECF No. [12-1] (policy attached as exhibit). The instant controversy stems from Defendant's alleged failure to acknowledge coverage and fully indemnify the Lighters for damage sustained to their home located in Pompano Beach, Florida, as a result of a water loss that occurred on or about April 15, 2015. *See id.*; ECF No. [31] (Plaintiffs' "Response") ¶ 2. The water loss was caused by the failure of three air conditioning units in the home, which caused virtually every room of the

Lighters' house to flood. Resp. at 2. AIG subsequently sent its adjusters and investigators to determine the cause and extent of damage to the property on or about October 22, 2015. *Id.* ¶ 3. Despite this inspection, AIG did not provide the Lighters with a written acceptance or denial of coverage and made no payments for the loss. *Id.* ¶ 4.

After AIG's initial inspection, the Lighters retained Northern Inc. ("Northern"), a third-party adjusting firm, to prepare an estimate based on their own visual inspection of the property and review of the documentation provided by AIG. *Id.* ¶ 5. Northern found that $1,326,380.84 in repairs was needed to address the water damage and, on or about January 27, 2016, provided AIG's adjuster, Debra Osborne, with an executed sworn statement to that effect. *Id.* AIG sent adjusters and investigators to perform another inspection of the home on or about February 9, 2016. *Id.* ¶ 7. Despite this second opportunity for inspection and the documentation provided by and on behalf of the Lighters, AIG still did not provide a written acceptance or denial of coverage and made no payments to compensate for the water damage. *Id.* ¶ 8. Instead, the Defendant requested that the Lighters personally advance the cost of repairs and advised that AIG would make a determination as to coverage and amount owed after repairs were performed. *Id.* ¶ 9. Plaintiffs submit, however, that AIG's actions in this regard were contrary to a provision in the Policy entitled, "Extended Rebuilding Cost Coverage," which requires AIG to provide coverage for the loss and payment of the "reconstruction cost" to the Lighters, regardless of whether repairs are performed. *Id.* Pursuant to these facts, Plaintiffs request relief for AIG's alleged breach of the Policy in the Amended Complaint – several paragraphs of which AIG now seeks to strike as "irrelevant" and "prejudicial." *See generally* Motion.

## II.   Legal Standard

Rule 12(f) of the Federal Rules of Civil Procedure permits a court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter," granting courts broad discretion in making this determination.  Fed. R. Civ. P. 12(f); *see also Morrison v. Executive Aircraft Refinishing, Inc.*, 434 F. Supp. 2d 1314, 1318-19 (S.D. Fla. 2005); *Williams v. Eckerd Family Youth Alternative*, 908 F. Supp. 908, 910 (M.D. Fla. 1995). Under Rule 12(f), "[a] motion to strike will usually be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties."  *Harty v. SRA/Palm Trails Plaza, LLC*, 755 F. Supp. 2d 1215, 1218 (S.D. Fla. 2010) (internal quotation and citation omitted); *see also Tarasewicz v. Royal Caribbean Cruises Ltd.*, No. 14-CIV-60885, 2015 WL 1566398, at *1 (S.D. Fla. Apr. 8, 2015) (same); *BB In Tech. Co. v. JAF, LLC*, 242 F.R.D. 632, 641 (S.D. Fla. 2007) (same); *Home Mgmt. Solutions, Inc. v. Prescient, Inc.*, -- F. Supp. 2d --, 2007 WL 2412834, at *1 (S.D. Fla. Aug. 21, 2007) (same); *Action Nissan, Inc. v. Hyundai Motor Am.*, 617 F. Supp. 2d 1177, 1187 (M.D. Fla. 2008) (same).

Courts have broad discretion in considering a motion to strike under Federal Rule of Civil Procedure 12(f).  *See, e.g.*, *Sakolsky v. Rubin Memorial Chapel, LLC*, -- F. Supp. 2d --, 2007 WL 3197530, *2 (S.D. Fla. Oct. 26, 2007).  However, Rule 12(f) motions to strike are considered drastic, granted sparingly and often disfavored.  *Pujals ex rel. El Rey De Los Habanos, Inc. v. Garcia*, 777 F. Supp. 2d 1322, 1327 (S.D. Fla. 2011) ("The striking of affirmative defenses is a 'drastic remedy' generally disfavored by courts.") (citation omitted); *Thompson v. Kindred Nursing Ctrs. E., LLC*, 211 F. Supp. 2d 1345, 1348 (M.D. Fla. 2002) (quoting *Augustus v. Bd. of Pub. Instruction of Escambia Cnty., Fla.*, 306 F.2d 862, 868 (5th Cir.1962)); *Fabing v. Lakeland*

*Regional Medical Center, Inc.*, -- F. Supp. 2d --, 2013 WL 593842, at *2 n. 2 (M.D. Fla. 2013) (calling Rule 12(f) "draconian sanction").

### III.    Discussion

Defendant seeks to strike paragraphs 10, 11, and 13 of the Amended Complaint as irrelevant and prejudicial.  Specifically, the Motion argues that paragraph 10, which alleges that "AIG has only cared about subrogating the loss and has not made any payment for this covered loss," Am. Compl. ¶ 10, "is improper as it sounds in bad faith," Mot. at 2.  Furthermore, paragraphs 11 and 13 of the Amended Complaint allege that "AIG refuses to deny or pay the claim pursuant to Fla. Stat. § 627.70131," despite the fact that this statute "does not create a private cause of action." *Id.*  As a result, AIG submits that these allegations should be stricken. The Lighters, on the other hand, aver that such a remedy is inappropriate under these facts. Plaintiffs are correct.

Indeed, Defendant's Motion to Strike is not well-taken.  To start, AIG appears to argue that one allegation in paragraph 10 – that it "has only cared about subrogating the loss and has not made any payment for this covered loss," – somehow transforms this suit into a premature extra-contractual action for Unfair Claims Practices, pursuant to Fla. Stat. § 626.155.  The parties stipulate that such action does not accrue until a determination has been made regarding liability and the extent of damages under the policy.  Defendant's argument is thus misplaced, as the Lighters do not bring a claim for relief under Fla. Stat. § 626.155 in this action.  Indeed, there is no reference to Fla. Stat. § 626.155 anywhere in the Amended Complaint.  It is clear from the face of the pleading that the Amended Complaint consists of a single count for breach of contract. Accordingly, Plaintiffs seek relief in the form of a judgment against Defendant for the full amount of benefits owed under the Policy, as well as for fees and costs pursuant to Fla. Stat. §

627.428.  There is no claim for relief anywhere in the Amended Complaint for extra-contractual damages caused by a violation of Fla. Stat. § 626.155.  Because this is not an action seeking relief for bad faith, pursuant to paragraph 10 or any other paragraph in the operative pleading, AIG's argument is without merit.  *See* Mot. at 3-4.

Paragraph 10 of Plaintiffs' Amended Complaint simply alleges one fact in support of Plaintiffs' actionable breach of contract claim for relief.  The Lighters have alleged that Defendant failed to acknowledge coverage and indemnify Plaintiffs for their loss and, instead, was only concerned with subrogation as opposed to paying what was owed under the insurance policy.  Although AIG argues that this fact is not relevant to the alleged breach of contract, Defendant itself raises the issue of subrogation in its Second and Third Affirmative Defenses, which provide:

> As its Second Affirmative Defense, AIG asserts that it is entitled to a set off of any monies paid to the Plaintiffs with respect to the alleged loss from other individuals and/or entitles who caused the damages being claimed in the instant litigation. . . .  As its Third Affirmative Defense, AIG asserts that it is entitled to subrogation rights as to any amounts paid by AIG for the damages being claimed in the instant lawsuit.

*See* ECF No. [17] (AIG's Answer and Affirmative Defenses) at 3-4.  It is disingenuous, therefore, to claim that paragraph 10 of the Amended Complaint, claiming that Defendant is only concerned with subrogation rights, has no connection to this controversy where the same issue has been raised in Defendant's pleadings.  Similarly, Defendant has not articulated how it would be prejudiced if this allegation were to remain in the Amended Complaint, especially where discovery, evidence, and argument on the subject matter would inevitably arise during this litigation, as it is relevant to the alleged breach of the Policy as well as to Defendant's defense to this alleged breach.  For all of these reasons, striking of paragraph 10 is not warranted.

AIG's request to strike paragraphs 11 and 13 fares no better. Plaintiffs have alleged that "AIG refuses to deny or pay their claim pursuant to Fla. Stat. § 627.70131," and recites a portion of said statute in the Amended Complaint. *Id.* ¶¶ 11, 13. Defendant takes issue with this allegation that "because this section [627.70131] does not provide a penalty for its violation." Mot. at 5 ("If the Florida legislature intended for there to be a penalty for its violation, such a penalty would have been incorporated into the statute. Additionally, the Florida Supreme Court has frequently cautioned that courts cannot provide a remedy where the legislature has failed to do so."). But, again, this argument is impertinent. Whether or not the Lighters can seek relief from this Court specifically for violation of section 627.70131 is not implicated here. Instead, the allegation in paragraphs 11 and 13, just like the allegation in paragraph 10 discussed herein, is an alleged fact set forth in support of Plaintiffs' cognizable claim for breach of contract. Any argument that Fla. Stat. § 627.70131 is inapplicable to the contract here – though circumspect, *see Pinzon v. First Liberty Ins. Corp.*, 5:12-CV-636-OC-10PRL, 2013 WL 5487027, at *6 (M.D. Fla. 2013) (quoting *Department of Ins. State of Fla. v. Teachers Ins. Co.*, 404 So. 2d 735, 741 (Fla. 1981) ("It is fundamental that the laws of Florida are a part of every Florida contract.") – is not properly asserted in a motion to strike. *See In re Se. Banking Corp. Sec. & Loan Loss Reserves Litig.*, 147 F. Supp. 2d 1348, 1355 (S.D. Fla. 2001) ("[E]ven if certain allegations in the complaint are not actionable sounding alone, they should remain in the complaint because they can be used as factual evidence going toward other claims that are cognizable.") (citation and quotation marks omitted); *see also Lipsky v. Commonwealth United Corp.*, 551 F.2d 887, 893 (2d Cir. 1976) ("[O]rdinarily neither a district court nor an appellate court should decide to strike a portion of the complaint on the grounds that the material could not possibly be relevant on the sterile field of the pleadings alone."); *Nat'l Council of Young Israel v. Wolf*, 963 F. Supp. 276,

282 (S.D.N.Y. 1997) ("Inasmuch as the Court does not submit pleadings to the jury in civil cases, it is difficult to see how a defendant is prejudiced by the presence in the complaint of material such as that at issue here.").

It would appear that AIG has put the proverbial cart before the horse. To the extent that AIG has meritorious defenses to assert, its Motion to Strike is not the proper avenue to attempt to do so. Moreover, it is clear that paragraphs 10, 11, and 13 set forth allegations that are, in fact, relevant to the breach of contract claim at issue. *See, e.g.*, *In re Se. Banking Corp. Sec.*, 147 F. Supp. 2d at 1355-56 ("[B]ecause the allegations have not been pled as a separate cause of action, it is not necessary that they be able to stand alone. . . . [T]hese allegations are in fact highly relevant to the controversy, and central to the [cognizable] issues. Therefore, the [] allegations should not be dismissed at this stage.").

### IV. Conclusion

Defendant's Motion sets forth a variety of points that are unconvincing. Rather, the relief sought, namely, striking paragraphs 10, 11, and 13 of the Amended Complaint, is entirely imprudent. Accordingly, it is **ORDERED AND ADJUDGED** that Defendant's Motion to Strike, **ECF No. [16]**, is **DENIED**.

**DONE AND ORDERED** in Miami, Florida, this 8th day of July, 2016.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

cc:   counsel of record